UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHRIS FASSINO, STEPHEN PISCITELLO, and      Civ. Action No.:
STEPHEN ANTHONY PISCITELLO,

                Plaintiffs,

    -against-

QUIK FUND, INC., HARRIS SCOTT FOCER, and
GARY HORN,

                Defendants.
------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, CHRIS FASSINO, STEPHEN PISCITELLO, and STEPHEN ANTHONY PISCITELLO (hereinafter, "Plaintiffs"), as and for their Complaint against Defendants, QUIK FUND, INC., HARRIS SCOTT FOCER, and GARY HORN (hereinafter, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

1.     Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), and common law breach of contract to recover lost wages and other relief related to their employment with Defendants.

2.     Jurisdiction over Plaintiffs' FLSA claims are based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.     The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.     Plaintiff, Chris Fassino (hereinafter, "Fassino"), is an adult male currently residing in Westbury, New York.

6.     Plaintiff Stephen Piscitello is an adult male currently residing in Hauppauge, New York.

7.     Plaintiff Stephen Anthony Piscitello is an adult male currently residing in Kings Park, New York.

8.     Plaintiffs are former employees of Defendants.

9.     Defendant, Quik Fund, Inc. (hereinafter, "Quik Fund") is a mortgage lender licensed to originate loans in the State of New York and elsewhere.

10.     According to the New York State Department of State, Division of Corporations, Defendant Quik Fund is a foreign business corporation duly authorized to conduct business in the State of New York.

11.     According to the New York State Department of State, Division of Corporations, Defendant Quik Fund maintains a principal executive office located at 900 Stewart Avenue, Suite 240, Garden City, New York 11530.

12.     Upon information and belief, at all relevant times, Defendant Quik Fund maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

13.     Upon information and belief, Defendant, Harris Scott Focer (hereinafter, "Focer"), is a resident of the State of New York.

14.     According to the New York State Department of State, Division of Corporations, Defendant Focer is the Chief Executive Officer of Defendant Quik Fund.

15.     Upon information and belief, at all relevant times, Defendant Focer was and continues to be an owner, corporate officer, director, and/or managing agent of Defendant Quik Fund.

16.     Upon information and belief, at all relevant times, Defendant Focer exercised operational control over Defendant Quik Fund, controlled significant business functions of Defendant Quik Fund, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Quik Fund in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

17.     Upon information and belief, at all relevant times, Defendant Focer participated in running the daily operations of Defendant Quik Fund.

18.     Upon information and belief, at all relevant times, Defendant Focer participated in the management and supervision of Plaintiffs and their work for Defendant Quik Fund.

19.     Upon information and belief, Defendant, Gary Horn (hereinafter, "Horn"), is a resident of the State of New York.

20.    Upon information and belief, at all relevant times, Defendant Horn was and continues to be an owner, corporate officer, director, and/or managing agent of Defendant Quik Fund.

21.    Upon information and belief, at all relevant times, Defendant Horn exercised operational control over Defendant Quik Fund, controlled significant business functions of Defendant Quik Fund, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Quik Fund in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

22.    Upon information and belief, at all relevant times, Defendant Horn participated in running the daily operations of Defendant Quik Fund.

23.    Upon information and belief, at all relevant times, Defendant Horn participated in the management and supervision of Plaintiffs and their work for Defendant Quik Fund.

24.    As such, Defendants Quik Fund, Focer, and Horn are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiffs.

## **FACTS**

25.    Plaintiff Fassino was employed as a residential mortgage loan originator for the benefit of and at the direction of Defendants from in or about March 2012 until on or about December 9, 2019.

26.    During his employment, Plaintiff Fassino's primary duties were to originate residential mortgage loans for Defendants. These duties primarily included dealing with potential borrowers by telephone and through email transmissions.

27.     Throughout his employment, Plaintiff Fassino performed his primary duties for Defendants at their Garden City Branch. He also performed his primary duties for Defendants from his home office.

28.     Throughout his employment, Defendants did not require Plaintiff Fassino to sign in or out of his daily shifts, and they did not track his hours worked in any other manner.

29.     Upon information and belief, Defendants did not keep and maintain accurate records reflecting the actual time that Plaintiff Fassino worked each day and each week.

30.     Throughout his employment, Plaintiff Fassino typically worked six (6) days per week: Monday through Friday from about 9:30 a.m. until about 12:30 p.m. at his home office, from about 1:00 p.m. until about 7:00 p.m. at Defendants' Garden City Branch, and from about 7:30 p.m. until about 10:00 p.m. at his home office; and on Saturday from about 10:00 a.m. until about 8:00 p.m. at his home office.

31.     Throughout his employment, Plaintiff Fassino did not take uninterrupted meal breaks of more than fifteen (15) minutes at a time.

32.     Throughout her employment, Plaintiff Fassino generally worked about sixty-seven and one-half (67.5) hours per week.

33.     Defendants' paid Plaintiff Fassino commission only. He did not receive a salary, hourly rate, daily rate, or any other rate of pay.

34.     Plaintiff Fassino earned commissions when a loan that he originated closed and funded.

35.     Throughout his employment, if Plaintiff Fassino did not originate a loan that later closed and funded during a particular pay period, he was not paid any wages at all for his work.

36.     Throughout his employment, Defendants did not pay Plaintiff Fassino one-and-one-half times her regular rate of pay for any hours that he worked in excess of forty (40) each week.

37.     Throughout his employment, Defendants did not pay Plaintiff Fassino overtime compensation for any hours that he worked in excess of forty (40) each week.

38.     Throughout his employment, Defendants did not pay Plaintiff Fassino overtime compensation reflective of the commissions he earned.

39.     Throughout his employment, Defendants did not pay Plaintiff Fassino minimum wages during those weeks in which he did not earn commissions.

40.     During his employment, Defendants failed to provide Plaintiff Fassino with a notice and acknowledgement of pay rate and payday, or any other type of wage notice, at the time of his hiring or at any time thereafter, as required by NYLL § 195(1).

41.     During his employment, Defendants failed to provide Plaintiff Fassino with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

42.     Plaintiff Stephen Anthony Piscitello was employed as a residential mortgage loan originator for the benefit of and at the direction of Defendants from in or about May 2018 until in or about June 2019, and again from in or about July 2019 until on or about October 15, 2019.

43.     During his employment, Plaintiff Stephen Anthony Piscitello's primary duties were to originate residential mortgage loans for Defendants. These duties primarily included dealing with potential borrowers by telephone and through email transmissions.

44.     Throughout his employment, Plaintiff Stephen Anthony Piscitello performed his primary duties for Defendants at their Garden City Branch. He also performed his primary duties for Defendants from his home office.

45.     Throughout his employment, Defendants did not require Plaintiff Stephen Anthony Piscitello to sign in or out of his daily shifts, and they did not track his hours worked in any other manner.

46.     Upon information and belief, Defendants did not keep and maintain accurate records reflecting the actual time that Plaintiff Stephen Anthony Piscitello worked each day and each week.

47.     Throughout his employment, Plaintiff Stephen Anthony Piscitello typically worked six (6) days per week: Monday through Friday from about 10:00 a.m. until about 6:30 p.m. at Defendant's Garden City Branch, and from about 7:30 p.m. until about 10:00 p.m. at his home office, and on Saturday from about 10:30 a.m. until about 3:00 p.m. at Defendant's Garden City Branch.

48.     Throughout his employment, Plaintiff Stephen Anthony Piscitello did not take uninterrupted meal breaks of more than fifteen (15) minutes at a time.

49.     Throughout his employment, Plaintiff Stephen Anthony Piscitello generally worked about fifty-nine and one-half (59.5) hours per week.

50.     Plaintiff Stephen Anthony Piscitello's compensation structure was governed by a commission agreement.

51.     From in or about May 2018 until in or about June 2019, Defendants agreed to pay Plaintiff Stephen Anthony Piscitello a flat weekly draw recoverable against commissions earned.

52.     During this time, Defendants agreed to pay Plaintiff Stephen Anthony Piscitello 250 basis points per loan that he originated and that closed and funded.

53.     During this time, Plaintiff Stephen Anthony Piscitello originated approximately thirty (30) loans that closed and funded.

54.     The commissions earned on these loans far exceeded the recoverable draw that Plaintiff Stephen Anthony Piscitello was paid.

55.     Defendants did not pay Plaintiff Stephen Anthony Piscitello any commissions on these loans.

56.     Despite these loans closing and funding, and despite the commissions exceeding Plaintiff Stephen Anthony Piscitello's recoverable draw, Defendants failed and refused to pay Plaintiff Stephen Anthony Piscitello the full amount of the commissions to which he was entitled under the law.

57.     From in or about July 2019 until on or about October 15, 2019, Defendants agreed to pay Plaintiff Stephen Anthony Piscitello on a commission-only basis.

58.     During this time, Plaintiff Stephen Anthony Piscitello did not have an hourly rate of pay, a salary, or a draw against commission.

59.     During this time, Defendants agreed to pay Plaintiff Stephen Anthony Piscitello 250 basis points per loan that he originated and that closed and funded.

60.     During this time, Plaintiff Stephen Anthony Piscitello originated numerous loans that closed and funded.

61.     During this time, Defendants did not pay Plaintiff Stephen Anthony Piscitello the full amount of commissions to which he was entitled on all of these loans.

62.     During this time, despite Plaintiff Stephen Anthony Piscitello originating loans that closed and funded, Defendants failed and refused to pay Plaintiff Stephen Anthony Piscitello the full amount of the commissions to which he was entitled under the law.

63.     During this time, if Plaintiff Stephen Anthony Piscitello did not earn commissions in a given week, he was not paid any compensation at all for the work he performed during that week.

64.     During this time, if Plaintiff Stephen Anthony Piscitello did not earn commissions in a given week, he was not paid at the applicable statutory minimum wage rate for that particular week.

65.     During his employment, Plaintiff Stephen Anthony Piscitello regularly worked a spread of hours that exceeded ten (10) per day during weeks in which he was not paid the statutory minimum wage rate.

66.     Despite regularly working a spread of hours that exceeded ten (10) per day during weeks in which he was not paid the statutory minimum wage rate, Defendants did not pay Plaintiff Stephen Anthony Piscitello spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate.

67.     During his employment, Defendants did not pay Plaintiff Stephen Anthony Piscitello one-and-one-half times his regular rate of pay for any hours that he worked in excess of forty (40) each week.

68.     During his employment, Defendants did not pay Plaintiff Stephen Anthony Piscitello overtime compensation for any hours that he worked in excess of forty (40) each week.

69.     During his employment, Defendants did not pay Plaintiff Stephen Anthony Piscitello overtime compensation reflective of the commissions he earned.

70.     During his employment, Defendants failed to provide Plaintiff Stephen Anthony Piscitello with a notice and acknowledgement of pay rate and payday, or any other type of wage notice, at the time of his hiring or at any time thereafter, as required by NYLL § 195(1).

71.     During his employment, Defendants failed to provide Plaintiff Stephen Anthony Piscitello with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

72.     Plaintiff Stephen Piscitello was employed as a nonproducing Branch Manager for the benefit of and at the direction of Defendants from in or about May 2018 until in or about June 2019, and again from in or about July 2019 until on or about October 15, 2019.

73.     During his employment, Plaintiff Stephen Piscitello worked at Defendants' Garden City Branch.

74.     Plaintiff Stephen Piscitello's compensation structure was governed by an employment agreement.

75.     From in or about May 2018 until in or about June 2019, Defendants agreed to pay Plaintiff Stephen Piscitello $15,000.00 per month plus fifteen (15) basis points on the profitability of the Garden City Branch and Defendants' Sarasota Springs branch located at 422 Broadway, Suite 202, Sarasota Springs, NY 12866 (the "Sarasota Springs Branch").

76.     During this time, the Garden City and Sarasota Springs Branches originated in excess of sixty (60) loans that closed and funded.

77.     During this time, Plaintiff Stephen Piscitello earned commissions on the Garden City and Sarasota Springs Branches' profitability.

78.     Despite earning these commissions, Defendants failed and refused to pay Plaintiff Stephen Piscitello any commissions at all.

79. From in or about July 2019 until on or about October 15, 2019, Defendants agreed to pay Plaintiff Stephen Piscitello on a commission-only basis.

80. During this time, Plaintiff Stephen Piscitello did not have an hourly rate of pay, a salary, or a draw against commission.

81. During this time, Defendants agreed to pay Plaintiff Stephen Piscitello 15 basis points on the profitability of the Garden City and Sarasota Springs Branches.

82. During this time, the Garden City and Sarasota Springs Branches originated numerous loans that closed and funded.

83. During this time, Defendants did not pay Plaintiff Stephen Piscitello any commissions to which he was entitled on the profitability of the Garden City and Sarasota Springs Branches.

84. During this time, if Plaintiff Stephen Piscitello did not earn commissions in a given week, he was not paid any compensation at all for the work he performed during that week.

85. During this time, if Plaintiff Stephen Piscitello did not earn commissions in a given week, he was not paid at the applicable statutory minimum wage rate for that particular week.

86. During this time, Defendants did not pay Plaintiff Stephen Piscitello one-and-one-half times his regular rate of pay for any hours that he worked in excess of forty (40) each week.

87. During this time, Defendants did not pay Plaintiff Stephen Piscitello overtime compensation for any hours that he worked in excess of forty (40) each week.

88. During this time, Defendants did not pay Plaintiff Stephen Piscitello overtime compensation reflective of the commissions he earned.

89.     During his employment, Defendants failed to provide Plaintiff Stephen Piscitello with a notice and acknowledgement of pay rate and payday, or any other type of wage notice, at the time of his hiring or at any time thereafter, as required by NYLL § 195(1).

90.     During his employment, Defendants failed to provide Plaintiff Stephen Piscitello with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

91.     Defendants Focer and Horn participated in the decision to hire Plaintiffs.

92.     Defendants Focer and Horn participated in deciding the job duties that Plaintiffs performed on a daily basis during their employment.

93.     Defendants Focer and Horn participated in the daily supervision of Plaintiffs' job duties and responsibilities.

94.     Defendants Focer and Horn participated in setting Plaintiffs' work schedule.

95.     Defendants Focer and Horn participated in deciding the hours that Plaintiffs worked each week during their employment.

96.     Defendants Focer and Horn participated in deciding the manner in which each Plaintiff was paid during his/her employment.

97.     Defendants Focer and Horn participated in deciding the compensation each Plaintiff was paid during his/her employment.

98.     Defendants Focer and Horn participated in running the day-to-day operations of Defendant Quik Fund during Plaintiffs' employment.

99.     Defendants managed Plaintiffs' employment, including the amount of time worked and the rates that they were paid.

100.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

101.     Defendants were aware of Plaintiffs' work hours and rates of pay but failed to pay them the proper wages to which they were entitled under the law.

102.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

103.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

104.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).

105.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Quik Fund is an enterprise engaged in commerce or in the production of goods for commerce.

106.     Plaintiffs Fassino and Stephen Anthony Piscitello are also individuals engaged in commerce because they regularly dealt with prospective borrowers who lived outside the state of New York through telephone calls and email transmissions.

107.     Upon information and belief, the gross annual volume of sales made or business done by Defendant Quik Fund for the years 2017, 2018, and 2019 was not less than $500,000.00.

108.    At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

109.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

110.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

111.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

112.    However, none of the Section 13 exemptions apply to Plaintiffs because they did not met the requirements for coverage under the exemptions during the relevant periods of their employment.

113.    Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

114.    Defendants did not act in good faith with respect to the conduct alleged herein.

115.    As a result of Defendants' violations of the FLSA, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

116.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

117.    At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

118.    Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

119.    By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

120.    By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

121.    Plaintiffs were not exempt from the overtime provisions of the New York Labor Law during the relevant periods of their employment, because they did not meet the requirements for any of the reduced number of exemptions available under New York law.

122.    Defendant acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

123.    Defendants did not act in good faith with respect to the conduct alleged herein.

124.    As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO PAY MINIMUM WAGES

125.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

126.    As set forth herein, Defendants routinely and regularly failed to pay Plaintiffs the applicable minimum wage, in violation of 29 U.S.C. §206(a).

127.    Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

128.    Defendants have not acted in good faith with respect to the conduct alleged herein.

129.    As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

130.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

131.    At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

132.    Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

133.    As a result of Defendants' unlawful practices, Plaintiffs suffered a loss of wages.

134.    As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**
**On Behalf of Plaintiffs Fassino and Stephen Anthony Piscitello Only**

135.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

136.    In violation of the NYLL and the regulations pertaining thereto, Defendants failed to pay Plaintiffs Fassino and Stephen Anthony Piscitello an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiffs' workday exceeded ten (10) hours.

137.    Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs Fassino and Stephen Anthony Piscitello's rights.

138.    As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiffs Fassino and Stephen Anthony Piscitello have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6**
**FAILURE TO PAY REGULAR WAGES (COMMISSIONS)**
**On Behalf of Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello Only**

139.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

140.    At all times relevant to this Action, Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

141.    During Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello's employment, Defendants suffered and permitted Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello to regularly work numerous hours each week without paying them the commissions to which they were entitled.

142.    By the above-alleged conduct, Defendants failed and refused to pay Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello the commissions to which they were and are entitled.

143.    Defendants' failures to pay Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello the commissions that they earned constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello's rights.

144.    Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

145.    Defendants have not acted in good faith with respect to the conduct alleged herein.

146.    As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

**COUNT VII**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

147.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

148.    Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

149.    Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

150.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VIII**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

151.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

152.    Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were

19

to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

153.    Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

154.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT IX**
**BREACH OF CONTRACT**
**Against Defendant Quik Fund Only**
**On Behalf of Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello Only**

155.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

156.    Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello's employment was subject to a compensation agreement that determined the compensation that they were paid during their employment.

157.    Defendant Quik Fund and Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello agreed to the terms and conditions contained in their compensation agreements.

158.    Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello fully performed their obligations as set forth in the agreements.

159.    Defendant Quik Fund was required to pay Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello commissions for work that they each performed.

160.    Defendant Quik Fund breached the compensation agreements by failing to pay Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello the commissions to which they were legally entitled.

161.    By reason of the foregoing, Plaintiffs Stephen Anthony Piscitello and Stephen Piscitello have been damaged in an amount to be determined at trial, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

   1.    Violated provisions of the FLSA by failing to pay overtime compensation and minimum wages;

   2.    Willfully violated the provisions of the FLSA;

   3.    Violated the provisions of the NYLL by failing to pay overtime compensation, minimum wages, and spread of hours compensation;

   4.    Willfully violated the applicable provisions of the NYLL;

   5.    Violated the provisions of the NYLL by failing to provide wage notices and accurate wage statements;

   6.    Breached the compensation agreements by failing to pay commissions;

B.    Award compensatory damages, including all overtime compensation, minimum wages, and spread of hours compensation owed, in an amount according to proof;

C.     Award liquidated damages under the NYLL, or alternatively the FLSA;

D.     Award statutory damages under the NYLL;

E.     Award interest on all NYLL overtime compensation, minimum wages, and spread of hours compensation due accruing from the date such amounts were due;

F.     Award all costs and attorneys' fees incurred in prosecuting this action; and

G.     Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       January 3, 2020

                                                 _____
Neil H. Greenberg, Esq.
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Fassino v. Quik Fund, Inc., et al.** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
December 03, 2019

_____
Chris A. Fassino

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, Stephen Anthony Piscitello, consent to be a party in **Fassino, et al. v. Quik Fund, Inc., et al.** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b).

Dated: January 3, 2020

Stephen Anthony Piscitello

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, Stephen Piscitello, consent to be a party in **Fassino, et al. v. Quik Fund, Inc., et al.** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b).

Dated: January 3, 2020

Stephen Piscitello